IN THE US DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA BURNS<br>18683 Cole Road<br>Conneautville, PA 16406<br><br>              Plaintiff,<br>     vs.<br><br>GEICO CASUALTY COMPANY<br>One GEICO Boulevard<br>Fredericksburg, VA 22412<br><br>              Defendant. | CIVIL ACTION - LAW<br>No. |

## CIVIL ACTION COMPLAINT

1.  Plaintiff, Barbara Burns (hereinafter referred to as "Plaintiff" is an adult individual who resides at the above referenced address. At all times relevant to this action, Plaintiff is and continues to be a resident of the Commonwealth of Pennsylvania.

2.  Defendant, GEICO Casualty Company (hereinafter referred to as "Defendant GEICO") is a corporation authorized to conduct business and issue policies of casualty insurance in the Commonwealth of Pennsylvania, with a principal place of business located at the above referenced address. At all times relevant to this action, Defendant GEICO is and continues to be a Virginia-domiciled corporation.

3.  The Plaintiff is not from the same state as Defendant GEICO and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. §1332.

4. On or about February 8, 2016, at approximately 1:48 p.m. Plaintiff was operating her 2003 Dodge Durango (hereinafter referred to as "Plaintiff's Vehicle") southbound on Main Street, also known as State Route 118, approaching its intersection with Orco Drive in Conneautville Borough, Crawford County, Pennsylvania, when she properly activated her right turn signal, and with all due care and caution slowed with the intention of making a right turn into the parking lot of a retail store located on Main Street.

5. Upon information and belief, at the same time and at the aforesaid location, Jason Pardee (hereinafter referred to as "Tortfeasor") was operating his 2009 Chevrolet Cobalt at an excessive rate of speed southbound on Main Street directly and closely behind Plaintiff's vehicle, when Defendant suddenly and without warning, forcefully and violently crashed his vehicle into the rear of Plaintiff's vehicle.

6. The aforesaid crash (hereinafter referred to as the "Crash") was investigated by the Pennsylvania State Police, and upon information and belief, Tortfeasor was charged with violating 75 Pa.C.S. §3310, following too closely.

7. The Crash was caused solely, proximately, and directly by the Tortfeasor's negligence and carelessness which included, but may not have been limited to: operating Tortfeasor's vehicle in such a manner as to cause a Crash, specifically driving at an excessive rate of speed and/or following too closely; operating his vehicle without due regard for the rights, safety, wellbeing and position of the Plaintiff under the aforesaid circumstances; failing to take evasive action in order to avoid a Crash; failing to properly maintain his vehicle in a manner to permit safe operation and stopping when applying the brakes; failing to maintain proper speed prior to the Crash; engaging in another activity in the vehicle which distracted Tortfeasor from

the roadway conditions immediately in front of him; and following Plaintiff's vehicle too closely, in violation of 75 Pa. C.S.A. §3310.

8. Plaintiff in no manner contributed to the Crash or her injuries, which directly resulted from the negligence and carelessness of the Tortfeasor.

9. As a direct and proximate result of the negligence and carelessness of the Tortfeasor, the aforesaid Crash and resulting injuries, Plaintiff suffered and/or will continue to suffer from severe, permanent, and debilitating personal injuries.

10. As a direct and proximate result of the negligence and carelessness of the Tortfeasor, the aforesaid Crash and resulting injuries, Plaintiff has suffered and/or will continue to suffer severe pain, anxiety, depression, emotional distress, humiliation, embarrassment, loss of life's pleasures and enjoyment of life, and/or one or more serious impairments of bodily functions, to her ongoing detriment and loss.

11. As a direct and proximate result of the negligence and carelessness of the Tortfeasor, the aforesaid Crash and resulting injuries, Plaintiff has undergone and/or will continue to undergo reasonable and necessary medical treatments.

12. As a direct and proximate result of the negligence and carelessness of the Tortfeasor, the aforesaid Crash and resulting injuries, Plaintiff has incurred medical expenses and/or will continue to incur medical expenses for the care and treatment of her injuries indefinitely, all to her ongoing detriment and financial loss.

13. As a direct and proximate result of the negligence and carelessness of the Tortfeasor, the aforesaid Crash and resulting injuries, Plaintiff has been and will continue to be hindered and/or prevented from attending to and/or fully performing her usual and customary duties, avocations and/or hobbies, to her ongoing detriment and loss.

14. As a direct and proximate result of the negligence and carelessness of the Tortfeasor, the aforesaid Crash and resulting injuries, Plaintiff has been prevented and in the future may be prevented from being gainfully employed, resulting in a loss of earning and/or an impairment of her earning capacity, to her ongoing detriment and loss.

15. As a direct and proximate result of the negligence and carelessness of the Tortfeasor, the aforesaid Crash and resulting injuries, Plaintiff has been and in the future may be required to spend money for household help, to her ongoing detriment and loss.

16. At the time of the Crash, the Tortfeasor was insured under a policy of motor vehicle insurance issued by Progressive Insurance Company with a liability protection limit of $25,000, all of which was tendered to Plaintiff.

17. Defendant GEICO consented to the settlement of the third party action.

18. The Tortfeasor's bodily injury liability limits were not adequate to fully compensate the Plaintiff for the severe, permanent, and debilitating personal injuries Plaintiff sustained as a direct and proximate result of the negligence and carelessness of the Tortfeasor.

19. At the time of the aforesaid Crash, the Plaintiff owned three (3) motor vehicles registered in the Commonwealth of Pennsylvania to Plaintiff and insured under a motor vehicle insurance Policy (hereinafter referred to as the "Policy") issued by Defendant GEICO to Plaintiff, with a stacked underinsured motorist benefit in the amount of $300,000, for a total underinsured motorist benefit limit of $900,000. A true and correct copy of the Policy and Plaintiff's declarations page forwarded to Plaintiff by Defendant GEICO is attached hereto as Exhibit "A."

20. At the time Plaintiff purchased said Policy, she resided in the Commonwealth of Pennsylvania and elected to purchase bodily injury limits in an amount greater than the minimum

coverage required by the Commonwealth of Pennsylvania, in order to protect persons who may suffer bodily injury as a result of a motor vehicle crash.

21. As a direct and proximate result of the Plaintiff's selection of bodily injury limits greater than the minimum coverage required by law, Plaintiff paid and Defendant GEICO accepted increased premium payments in full.

22. At all times material hereto, Defendant GEICO acted individually and/or through its respective agents, representatives, servants and/or employees, who were acting within the course and scope of their employment and/or agency for Defendant GEICO in handling the aforementioned claim related to Plaintiff's Policy.

23. At all times material hereto and upon information and belief, premiums requested by Defendant GEICO as payment for the Policy had been timely paid in full and Plaintiff's Policy was in full force and effect on the date of the aforesaid Crash.

24. As a direct and proximate result of the injuries referred to herein, Plaintiff's damages exceed the value of the Tortfeasor's maximum motor vehicle liability insurance coverage of $25,000.

25. On or about March 28, 2017, Plaintiff made a written demand to Defendant GEICO for the tender of $275,000 of the underinsured motorist benefits available under the Policy based upon Plaintiff's injuries, including injuries as reflected in the medical records and reports provided to Defendant GEICO.

26. It is believed and therefore averred that Plaintiff's Policy with Defendant GEICO does not contain a mandatory arbitration clause or a venue clause for the resolution of the underinsured motorist claims; therefore, Plaintiff asserts her claim for underinsured motorist benefits herein.

27. To date, despite having all of the aforementioned sufficient documentation, Defendant GEICO has failed to make an objectively reasonable and/or fair offer in good faith to its own insured, considering the facts known to Defendant GEICO.

28. Defendant GEICO has only offered $35,000 under the Policy's underinsured motorist benefit in response Plaintiff's demand, which is objectively unreasonable.

29. An offer of $35,000 does not represent an objectively reasonable assessment of the true value of Plaintiff's bodily injury underinsured motorist claim, given the medical records previously provided to Defendant GEICO.

## COUNT I
### Breach of Contract
### Barbara Burns v. Defendant GEICO Casualty Company

30. Plaintiff incorporates herein, by reference, the averments contained in paragraphs 1 through 29, as well as all subsequent paragraphs, as though the same were fully set forth herein.

31. Upon information and belief, Plaintiff has fully complied with all the terms, conditions and/or her duties under the Policy.

32. Plaintiff, Defendant GEICO's insured, has damages and injuries which exceed the policy of motor vehicle liability insurance applicable to Tortfeasor.

33. Defendant GEICO has failed to objectively, reasonably and/or fairly evaluate Plaintiff's claim and has failed to pay benefits due to Plaintiff under the Policy.

34. Defendant GEICO has failed to promptly offer payment of the objectively reasonable and fair value of the underinsured motorist claim to Plaintiff.

35. Plaintiff, Defendant GEICO's insured, by and through counsel, has provided sufficient information and documentation of Plaintiff's claim for underinsured motorist benefits as described above, to warrant an objectively fair tender.

36. Defendant GEICO has failed to reasonably, properly and/or fully investigate Plaintiff's claim inasmuch as a thorough and proper inquiry would have revealed that Plaintiff sustained severe, permanent, and debilitating bodily injuries warranting a tender of the aforementioned underinsured motorist coverage demand.

37. As Plaintiff's insurer, Defendant GEICO owes its insured a fiduciary, contractual, and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and fair dealing, to arrive promptly at a fair and equitable offer in settlement.

38. For the reasons set forth above, Defendant GEICO has violated its contractual and other obligations to its own insured under the aforementioned policy of insurance.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in her favor and against Defendant GEICO in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with such other relief as this Honorable Court deems just and proper.

OSTROFF INJURY LAW, PC
Attorneys for Plaintiff

Date: 8/10/17      By: _____
William J. Coppol, Esquire, Atty Id# 84666
Diane M. Sodano, Esquire, Atty Id# 60692
Ostroff Injury Law, P.C.
527 Plymouth Road, Suite, 413
Plymouth Meeting, PA 19462
(610)279-7000

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

*Barbara Burns*
Plaintiff, Barbara Burns